Case No. 09-35767
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

TIMOTHY McCOLLOUGH

    Plaintiff-Appellee,

v.

JOHNSON, RODENBURG & LAUINGER,

    Defendant-Appellant.
_____

**BRIEF OF AMICUS CURIAE STATE OF MONTANA
TO SUPPORT AFFIRMANCE OF THE JUDGMENT**
_____

On Appeal from the United States District Court for the
District of Montana, Billings Division, Cause No. CV-07-166-BLG-CSO,
United States Magistrate Judge Carolyn S. Ostby Presiding
_____

APPEARANCES:

STEVE BULLOCK
Montana Attorney General
CHRIS D. TWEETEN*
Chief Civil Counsel
CHUCK R. MUNSON
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
(406) 444-2026

ATTORNEYS FOR AMICUS CURIAE
*Counsel of Record

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................... ii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................2

I.    IF THIS COURT AFFIRMS THE JUDGMENT WITH RESPECT TO THE FAIR DEBT COLLECTION PRACTICES ACT, THE MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT ISSUE IS MOOT ...................................................................................2

II.   MONTANA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT IS TO BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMERS ............................................................................3

III.  THE DISTRICT COURT PROPERLY REJECTED JRL'S ATTEMPT TO INSERT A PRIVITY REQUIREMENT INTO THE MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT ...............................................................................................4

CONCLUSION ..........................................................................................................9

CERTIFICATE OF SERVICE ................................................................................10

CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(A)(7)(C) AND CIRCUIT RULE 32-1 FOR CASE NUMBER 09-35767.........11

# TABLE OF AUTHORITIES

## CASES

Baird v. Norwest Bank,
    255 Mont. 317, 843 P.2d 327 (1992)..........................................................3, 5

Cole v. Portfolio Recovery Associates, LLC,
    Mont. Dist. Ct. No. CV-08-36-GF-RKS (Order of September 12, 2008)...........6

Flenniken v. Longview Bank & Trust,
    661 S.W.2d 705 (Tex. 1983) ...............................................................................6

Gibbons v. J. Nuckolls, Inc.,
    216 S.W.3d 667 (Mo. 2007) ...............................................................................6

Kunda v. CBB Collections,
    Mont. Dist. Ct. No. CV-08-44-BLG-RFC (Order of August 15, 2008)..............5

McCollough v. Johnson, Rodenberg & Lauinger,
    Cause No. CV-07-166-BLG-CSO (Order of January 8, 2009} .........................5

Miller v. Midwest Serv. Bureau of Topeka,
    229 Kan. 322, 623 P.2d 1343 (Kan. 1981) .........................................................7

Rachoza v. Gallas & Schultz,
    1998 U.S. Dist. LEXIS 5018 (D. Kan. 1998)..................................................6, 8

## FEDERAL MATERIALS

United States Code
    Tit. 15, § 1692k(a)(1)..........................................................................................2
    Tit. 15, § 1692k(a)(3)..........................................................................................2

Federal Rules of Appellate Procedure
    Rule 29(a)............................................................................................................1

# TABLE OF AUTHORITIES
(Cont.)

## MONTANA MATERIALS

Montana Code Annotated
    § 1-2-101.....................................................................................................4
    §§ 30-14-101, et seq...................................................................................1
    § 30-14-102(1) ...........................................................................................4
    § 30-14-102(8) ...........................................................................................5
    § 30-14-103.................................................................................................5
    § 30-14-133(1) ...........................................................................................2
    § 30-14-133(3) ...........................................................................................2

## OTHER AUTHORITIES

Unfair and Deceptive Acts and Practices § 2.2.4.2 (National Consumer Law
    Center, 7th ed. 2008).......................................................................................6

Unfair and Deceptive Acts and Practices, § 4.2.19.3 (National Consumer Law
    Center, 7th ed. 2008).......................................................................................6

# **INTRODUCTION**

The State of Montana through the Office of the Attorney General respectfully submits this Amicus Brief pursuant to Fed. R. App. P. 29(a). As Chief Legal Officer of the State of Montana, the Attorney General is responsible for enforcing the Montana Unfair Trade Practices and Consumer Protection Act (hereinafter "UTPA/CPA"). Mont. Code. Ann. §§ 30-14-101, et seq.

This appeal raises several legal issues, but the Attorney General submits this brief to address a single issue:

> Does the Montana UTPA/CPA require a direct contractual relationship between a plaintiff who has suffered harm and a defendant whose unfair business practices caused plaintiff's harm?

As discussed below, the District Court correctly held that such a direct contractual relationship is not required under Montana law.

Appellant Johnson, Rodenburg & Lauinger (hereinafter "JRL") argues for a narrow construction of the Montana UTPA/CPA which--if adopted--would adversely affect the Attorney General's ability to protect Montana consumers. In essence, JRL argues that this Court should insert a contractual privity requirement into Montana's UTPA/CPA. Doing so would be inconsistent with Montana law, which favors a liberal construction of the UTPA/CPA to protect consumers.

The Attorney General urges this Court to reject JRL's privity argument. This Court should affirm the Judgment below, and in particular, affirm the District

Court's determination that Appellee Timothy McCollough had standing to pursue his UTPA/CPA claim against JRL.

## ARGUMENT

I.  **IF THIS COURT AFFIRMS THE JUDGMENT WITH RESPECT TO THE FAIR DEBT COLLECTION PRACTICES ACT, THE MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT ISSUE IS MOOT.**

The Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692k(a)(1) allows a plaintiff actual damages in a successful FDCPA claim. The FDCPA also allows the court to award attorneys fees and costs to a prevailing plaintiff. 15 U.S.C. § 1692k(a)(3).

The Montana UTPA/CPA also establishes a cause of action for actual damages, and an award of attorneys fees and costs to a prevailing plaintiff. Mont. Code Ann. §§ 30-14-133(1), (3). Additionally, the Montana UTPA/CPA allows the court, in its discretion, to award treble damages and any other equitable relief that it considers necessary and proper. Mont. Code Ann. § 30-14-133(1).

In this case, the District Court rejected McCollough's request for an award of treble damages. (ER 7-01 to -04). Consequently, the monetary relief achieved by McCollough in the judgment below is identical under the FDCPA and Montana UTPA/CPA claims. If this Court affirms the District Court's rulings on McCollough's FDCPA claim, there is no need for the Court to reach the Montana

UTPA/CPA issue, as the disposition of that issue would neither provide nor deprive McCollough any additional relief.

## II. MONTANA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT IS TO BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMERS.

The Montana UTPA/CPA "should be liberally construed with a view to effect its object and to promote justice." Baird v. Norwest Bank, 255 Mont. 317, 327, 843 P.2d 327, 333 (1992). In Baird, the Montana Supreme Court held that the Montana UTPA/CPA applies to the lending and collecting of consumer loans by banks. This was an issue of first impression for the Montana Supreme Court. Id., 255 Mont. at 326, 843 P.2d at 333. In arriving at its determination, the Baird Court rejected contrary authority on the issue. Id., 255 Mont. at 255 Mont. at 328, 843 P.2d at 333-34. Based on a liberal construction of the UTPA/CPA, the Court affirmed a judgment in favor of debtors against the bank that repossessed their vehicle and accelerated their loan.

The District Court here correctly interpreted and applied the Montana UTPA/CPA. Its analysis and holding are consistent with the approach of the Montana Supreme Court in Baird.

**III. THE DISTRICT COURT PROPERLY REJECTED JRL'S ATTEMPT TO INSERT A PRIVITY REQUIREMENT INTO THE MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT.**

JRL argues that the Montana UTPA/CPA does not apply because the debt-collector law firm and McCollough were never in a direct contractual relationship. JRL concedes the statute does not expressly include such a requirement. (Br. of Appellant at 48.) JRL nevertheless argues that the UTPA/CPA <u>should</u> require a consumer to have a direct contractual relationship with the party against whom relief is sought under the Act. Id.

JRL thus attempts to inject a privity requirement into the Montana UTPA/CPA where none exists. The plain language of the Montana UTPA/CPA contains no such requirement, nor does Montana case law support inserting such a requirement into the Act. Under Montana law, a court is charged with the responsibility "to ascertain and declare what is in terms or in substance contained" within a given statute. Mont. Code. Ann. § 1-2-101. In doing so, courts are "not to insert what has been omitted" from a given statute. Id.

To assert a private cause of action under the UTPA/CPA, a plaintiff must be a "consumer" as defined in the Act. That is, the plaintiff must have purchased or leased goods, services, real property, or information primarily for personal, family, or household purposes. Mont. Code. Ann. § 30-14-102(1). The defendant's conduct must constitute an unfair or deceptive act or practice, and it must have

4

been committed within "the conduct of any trade or commerce." Mont. Code Ann. § 30-14-103. The Montana UTPA/CPA defines "trade" and "commerce" broadly to include "any trade or commerce directly or indirectly affecting the people of this state." Mont. Code Ann. § 30-14-102(8).

In this case, JRL does not argue that McCollough is not a consumer, or that it is not engaged in providing services in trade or commerce. Thus, without the contractual privity requirement that JRL urges this Court to judicially create, there is no basis for concluding that JRL is not liable for engaging in unfair and deceptive business practices that harm a consumer.

While the Montana Supreme Court has not addressed this issue specifically, JRL's privity argument is inconsistent with the approach the Montana Supreme Court has taken in its analysis of the Montana UTPA/CPA, which involves a liberal construction, and a broad approach to interpretation. See Baird, supra. The District Court correctly construed and applied Montana law. In doing so, it properly found persuasive two other decisions from the Montana federal courts that rejected the privity argument that JRL relies upon. McCollough v. Johnson, Rodenberg & Lauinger, Order of January 8, 2009 at 8-9 (ER 2-08 to -09) (discussing Kunda v. CBB Collections, Mont. Dist. Ct. No. CV-08-44-BLG-RFC (Order of August 15, 2008), and Cole v. Portfolio Recovery

Associates, LLC, Mont. Dist. Ct. No. CV-08-36-GF-RKS (Order of September 12, 2008)).

If the issue were presented to the Montana Supreme Court, it would join the Montana Federal District Courts and other jurisdictions that have rejected the privity argument. The Missouri Supreme Court, for example, in construing that State's consumer protection act, noted that "[p]rivity of contract is not required under similar [consumer protection] statutes of numerous other states." Gibbons v. J. Nuckolls, Inc., 216 S.W.3d 667, 670 n.13 (Mo. 2007) (citing mulitple authorities). See generally Unfair and Deceptive Acts and Practices § 2.2.4.2 (National Consumer Law Center, 7th ed. 2008) ("One is a consumer not by one's relation to the defendants, but by the terms of the original transaction.") (citing Flenniken v. Longview Bank & Trust, 661 S.W.2d 705 (Tex. 1983)); Unfair and Deceptive Acts and Practices, supra at § 4.2.19.3 ("The concept of privity of contract is irrelevant to UDAP [unfair and deceptive acts and practices statutes] claims, since they are not based on contract.").

The United States District Court for the District of Kansas addressed the privity argument in the same factual context as that here, involving claims under the Kansas Consumer Protection Act (KCPA) against a debt collector law firm. Rachoza v. Gallas & Schultz, 1998 U.S. Dist. LEXIS 5018, 16-20 (D. Kan. 1998). In construing the Kansas Supreme Court's decision in Miller v. Midwest Serv.

6

Bureau of Topeka, 229 Kan. 322, 623 P.2d 1343 (1981), the federal district court stated:

> Plaintiffs argue that a law firm engaged in debt collection efforts can constitute a "supplier" under the KCPA. Defendant responds that no Kansas court has held that the KCPA applies to attorneys or law firms engaged in debt collection activities. Despite the absence of authority on this particular issue, the Kansas Supreme Court has held that "an independent debt collection agency falls within the definition of a 'supplier' and is subject to the provisions of the KCPA" if three conditions are satisfied:
>
>> (1) The debt sought to be enforced came into being as the result of a consumer transaction;
>>
>> (2) The parties to the original consumer transaction were a 'supplier' and a 'consumer' as defined in the Act; and
>>
>> (3) The conduct complained of, either deceptive or unconscionable, occurred during the collection of, or an attempt to collect, a debt which arose from the consumer transaction and was owed by the consumer to the original supplier.
>
>> . . . .
>
> Kansas courts have construed liberally the KCPA in favor of consumers to encompass a variety of transactions.
>
>> . . . .
>
> We believe that attorneys should not be immune from liability under the KCPA for the very same actions which would subject a creditor or another debt collector to liability under the KCPA. Attorney immunity simply would encourage creditors to hire attorneys to take actions which would be forbidden if the creditor or another debt collector engaged in the actions directly. This very same reason led Congress to repeal the attorney exemption from the FDCPA.

7

Rachoza, supra at 16-20 (citations and footnotes omitted). Based on this analysis, the federal district court held that a consumer protection act claim could be pursued against the debt collector law firm.

As previously discussed, JRL does not dispute that McCollough was a consumer, or that the firm was engaged in trade or commerce as defined in the Montana UTPA/CPA. This Court should reject JRL's privity argument, just as the federal district court did in Rachoza.

JRL relies on authorities from jurisdictions that require a direct relationship between a consumer and a defendant. The Attorney General recognizes that some jurisdictions approach their consumer protection acts differently than Montana. Suffice it to say that the protections afforded under Montana's UTPA/CPA are greater than those afforded by the courts construing the other jurisdictions' consumer protection acts, upon which JRL relies. The Montana UTPA/CPA does not contain the privity requirement that JRL urges this Court to engraft into the statute. To recognize such a requirement would run contrary to the liberal construction that is to be given to the Montana UTPA/CPA. The Attorney General urges this Court to reject JRL's privity argument, and to affirm the District Court's judgment.

## **CONCLUSION**

For the foregoing reasons, the judgment below should be affirmed.

Respectfully submitted this 6th day of April, 2010.

                              STEVE BULLOCK
                              Montana Attorney General
                              215 North Sanders
                              P.O. Box 201401
                              Helena, MT 59620-1401

                              By: /s/ Chris D. Tweeten
                                   CHRIS D. TWEETEN
                                   Chief Civil Counsel
                                   CHUCK MUNSON
                                   Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2010, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered as CM/ECF users will be served by the appellate CM/ECF system.

                                         /s/ Chris D. Tweeten
                                         CHRIS D. TWEETEN
                                         Chief Civil Counsel
                                         Justice Building
                                         215 North Sanders
                                         P.O. Box 201401
                                         Helena, MT 59620-1401
                                         (406) 444-2026

# **CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(A)(7)(C) AND CIRCUIT RULE 32-1 FOR CASE NUMBER 09-35767**

I certify that:

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached answering brief is

☒ Proportionately spaced, has a typeface of 14 points or more and contains 1779 words.

☐ Monospaced, has 10.5 characters per inch and contains ___ words or ___ lines of text.

Date: April 6, 2010          /s/ Chris D. Tweeten
                             CHRIS D. TWEETEN