**RICHARD J. RUBIN**
Attorney at Law
1300 Canyon Road
Santa Fe, New Mexico 87501
(505) 983-4418 (voice)
(505) 983-2050 (fax)
email:dickrubin@cs.com

July 12, 2010

Molly Dwyer, Clerk
United States Court of Appeals
 for the Ninth Circuit
95 Seventh Street
P. O. Box 193939
San Francisco, CA 94119-3939

Re: McCollough v. Johnson, Rodenburg & Lauinger, Appellate Number 09-35767

Date of Argument: July 29, 2010, Billings, Montana

Dear Ms. Dwyer:

     In accordance with Rule 28(j), F.R.App.P., I am writing on behalf of Plaintiff-Appellee Timothy McCollough to provide the Court with citation to the following supplemental authorities: *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, __ U.S. __, 130 S.Ct. 1605 (2010), and *Odima v. Westin Tucson Hotel*, 53 F.3d 1484 (9th Cir. 1995).

     The *Jerman* Court's discussion of the "constraints on a lawyer's advocacy" imposed by the FDCPA, 130 S.Ct. at 1622-24, pertains to the opposite argument made by JRL throughout its Reply Brief (see e.g. p. 18 ["JRL was and is obligated to advocate on behalf of its client's interest, and CACV was entitled to unfettered legal representation"]).

     In addition, the conclusion in *Jerman* that the FDCPA bona fide error defense does not apply to intentional misconduct, 130 S.Ct. at 1619, pertains to Mr. McCollough's argument on pp. 28-29 of his Brief addressing that issue.

The holding in *Odima* affirming the award of attorney's fees without a reduction for time spent on unsuccessful state claims which were related to the successful federal claim and were not "entirely distinct and separate," 53 F.3d at 1499, pertains to JRL's argument on pp. 16-17 of its Reply Brief that the Montana CPA claim is not moot since its resolution may still impact the award of fees.

                Very truly yours,

                /s/Richard J. Rubin

                Richard J. Rubin

cc: John Heenan, Esq.
     Fred Simpson, Esq.
     John E. Bohyer, Esq.
     Julie Nepveu, Esq.
     Chris D. Tweeten, Esq.
     Chuck Munson, Esq.